UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23888-CV-SCOLA/TORRES

DAWN SCACCETTI,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF SHIPBOARD TREATING PHYSICIAN

The matter currently pending before this Court is a motion *in limine* filed by Plaintiff DAWN SCACCETTI ("Plaintiff" or "Scaccetti") that seeks to exclude certain statements made by Dr. Eric Peters, a shipboard physician on Defendant's vessel the *Star*, made immediately after the slip-and-fall incident giving rise to the Complaint. [D.E. 68]. In that Motion, Plaintiff takes issue with Dr. Peters' observation that Plaintiff "appear[ed] to be under the influence of alcohol," which he noted while examining Plaintiff after her fall. [D.E. 68-1, p. 1]. Plaintiff argues that the observation is an "expert opinion" that requires analysis under Rule 702 of the Federal Rules of Civil Procedure and the Supreme Court's decision in *Daubert*.[1] [D.E. 68]. Plaintiff further contends that Dr. Peters' statement does not satisfy the *Daubert*

---

[1]     *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

inquiry because it is not based on any sufficient, reliable methodology. *Id*. Defendant NCL (BAHAMAS) LTD. ("Defendant" or "Norwegian") responded in opposition to the Motion on October 5, 2018 [D.E. 87], and Plaintiff's Reply followed on October 15. [D.E. 94]. After our review of the parties' briefing materials and the arguments raised by both sides, we will **DENY** the Motion.

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually offered at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (a motion in limine is "an important tool available to the trial judge to ensure the expeditious and evenhanded management of trial proceedings."). But such motions "should not be used to resolve factual disputes or weigh evidence," *C&E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008), as this remains the province of the jury. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000).

Under Rule 701 of the Federal Rules of Civil Procedure, a lay witness may offer testimony in the form of an opinion if it is (1) rationally based on the witness's perception; (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue, and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. "Such lay opinion testimony is permitted under Rule 701 because it has the effect of describing something that the jurors could not otherwise experience for themselves by drawing upon the witness's sensory and experiential observations that were made as a first-

hand witness to a particular event." *United States v. Jayyousi*, 657 F.3d 1085, 1120 (11th Cir. 2011) (Barkett, J., concurring in part and dissenting in part). The purpose of permitting lay witnesses to offer opinion testimony, rather than only fact testimony, is to put "the trier of fact in possession of an accurate reproduction of the event." *Id.*, (quoting Rule 701 advisory committee notes). If a witness's testimony fails to meet any of the three foundational requirements, it is not admissible. Fed. R. Evid. 701.

There can be no question that the first and second requirements are met. According to the doctor's medical note from the day in question, Plaintiff appeared to be intoxicated when he treated her for the ankle injuries she claims she suffered as a result of Norwegian's negligence. [D.E. 68-1]. Such a claim is circumstantially bolstered as a result of Plaintiff's own admission that she had consumed several alcoholic beverages on the day in question. [Depo. of D. Scaccetti, D.E. 68-2, pp. 83, 89]. And based on these facts, Defendant has sought to offset any damages that may be awarded in the case by claiming that Plaintiff's own actions contributed to the fall on the vessel and the injuries that allegedly occurred as a result. [D.E. 6, pp. 6, 10]. The Motion turns, then, on whether Dr. Peters' statement is based on scientific, technical, or other specialized knowledge that would bring it within the purview of Rule 702. We find that it does not.

Expert testimony is not necessarily required to admit evidence concerning whether an individual appears intoxicated. *See United States v. Mastberg*, 503 F.2d 465, 470 (9th Cir. 1974) ("[A] lay witness may state his opinion that a person appeared

nervous or intoxicated."). *See Feiman v. City of Santa Monica*, 2013 WL 12209909, at *5 (C.D. Cal. Nov. 8, 2013) (rejecting challenge to lay testimony about plaintiff's level of intoxication despite argument that same required specialized knowledge under Rule 702). This does not change simply because the statement at issue is made by a treating physician. *See Wilson v. Taser Int'l., Inc.*, 303 F. App'x 708, 712-13 (11th Cir. 2008) (finding a treating physician's testimony regarding his diagnosis of plaintiff's spine injury admissible as "lay testimony without the [need to conduct] *Daubert* analysis."); *Williams v. Mast Biosurgery U.S.A., Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011) ("A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of a party.") (citing *Davoll v. Webb*, 194 F.3d 1116 (10th Cir. 1999)).

Here, Dr. Peters treated Plaintiff in the infirmary of the vessel immediately after her alleged incident took place, and during that examination he noted that Scaccetti appeared to be intoxicated. From all appearances there is nothing that would suggest that his note on Plaintiff's purported intoxication had not been based on the personal knowledge he gained at the time of that treatment. Thus, we find it is admissible lay opinion testimony under Rule 701. *See Brown v. Best Foods*, 169 F.R.D. 385, 387 (N.D. Ala. 1996) ("A doctor is not an 'expert' if his or her testimony is based on observations made during the course of treating; if testimony was not acquired or developed in anticipation of litigation or for trial; and if the testimony is based on personal knowledge."); *cf. Wilson*, 303 F. App'x at 712-13 (excluding the opinion of plaintiff's treating physician about *cause* of injuries because treating

4

physician did not need to determine *how* plaintiff was injured in order to render that treatment); *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1192-1203 (11th Cir. 2010) (affirming district court's application of *Daubert* to proposed treating physician testimony regarding whether traumatic brain injury can cause autism, and excluding testimony as insufficiently reliable).

We also reject Plaintiff's contention that admission of the note or Dr. Peters' testimony concerning the consumption of alcohol would be unfairly prejudicial under Rule 403. Fed. R. Evid. 403. This testimony bears directly on the issue of Plaintiff's comparative negligence, and is helpful to a jury to determine whether Scaccetti's own actions might allay any liability found on Defendant's part. For this reason, any concerns under Rule 403 concerning the doctor's observations about the purported alcohol consumption are simply unavailing. *See Collins v. Marriott Int'l, Inc.*, 749 F.3d 951, 959-960 (11th Cir. 2014) (presence of alcohol in urine properly admitted because "evidence of plaintiff's intoxication is normally relevant in tort cases, particularly when the law uses a comparative negligence standard for apportionment of liability.") (citing *Garay v. Carnival Cruise Line*, 904 F.2d 1527, 1531 (11th Cir. 1990)); *Stewart-Patterson*, 2012 WL 6061750, at *4 (denying motion to exclude evidence of alcohol consumption in case where cruise line argued such evidence went to issue of plaintiff's comparative fault). Any challenge Plaintiff may wish to make based on Dr. Peters' observations – and the evidence supporting his statement – would be better served for cross examination at trial. *See Baratta v. City of Largo*, 2003 WL 25686843, at *3 (M.D. Fla. Mar. 18, 2003) ("The exact boundaries of the

treating physician's testimony may need to be addressed with specific objections to specific testimony in the context of trial.").

Accordingly, the Motion is **DENIED.**

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 21st day of November, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

6