UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23888-CIV-SCOLA/TORRES

DAWN SCACCETTI,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S *DAUBERT* MOTION *IN LIMINE*

This matter is before the Court on Dawn Scaccetti's ("Plaintiff") *Daubert* Motion *in Limine* to exclude NCL (Bahamas) Ltd.'s ("Defendant") human factors expert, Dr. Joseph Sala. [D.E. 65]. On October 4, 2018, Defendant responded to Plaintiff's Motion and Plaintiff replied on October 11, 2018. [D.E. 86, 91]. After careful consideration of the record, the relevant authorities, and for the reasons discussed below, Plaintiff's Motion should be **GRANTED in part** and **DENIED in part**.

### I.     BACKGROUND

On or about January 2, 2016, Plaintiff alleges that she was a passenger on Defendant's cruise ship, the *Norwegian Star*. Plaintiff was seriously injured when she slipped and fell while descending an outdoor staircase between decks on the *Star*. Plaintiff claims that Defendant (1) negligently designed and constructed the incident staircase, (2) negligently failed to maintain the walking surfaces, and (3) negligently failed to warn Plaintiff and other NCL passengers of the dangers of the wet surface. As a result of Defendant's negligence, Plaintiff states that she has suffered mental

1

and physical pain, incurred medical expenses, lost the capacity for the enjoyment of life, suffered a physical handicap, and aggravated preexisting injuries. Plaintiff demands judgment against Defendant for damages, including prejudgment interest and all damages allowable by law.

## II. LEGAL STANDARD

The decision to admit or exclude expert testimony is within the trial court's discretion and the court enjoys "considerable leeway" when determining the admissibility of this testimony. *See Cook v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1103 (11th Cir. 2005). As explained in *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993), the admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. Rule 702 provides that a witness is qualified to testify in the form of an opinion if: (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

The party offering the expert testimony carries the burden of laying the proper foundation for its admission, and admissibility must be shown by a preponderance of the evidence. *See Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999); *see also United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) ("The burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion").

"Under Rule 702 and *Daubert*, district courts must act as 'gate keepers' which admit expert testimony only if it is both reliable and relevant." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (citing *Daubert*, 509 U.S. at 589). The purpose of this role is "to ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002). Also, in its role as gate keeper, the court's duty is not "to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003).

In order to determine the admissibility of the expert testimony, district courts engage in a three part inquiry:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa v. Harcos Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (citations omitted). The Eleventh Circuit refers to the aforementioned requirements as the "qualification," "reliability," and "helpfulness" prongs. *Frazier*, 287 F.3d at 1260. With this guidance in mind, we now turn to Plaintiff's Motion.

### III.   ANALYSIS

Plaintiff seeks to strike Defendant's human factors expert, Dr. Joseph Sala.[1] Norwegian hired Dr. Sala as an expert to perform a human factors analysis of the

---

[1] Plaintiff cites for support to an earlier case where the court excluded Dr. Sala as an expert because of his unhelpful opinions, unreliable methodologies, and lack of

3

incident that lead to Plaintiff's injury and to assess the incident staircase. According to the Motion, Plaintiff claims Dr. Sala should be precluded from testifying on three of his four opinions because: (1) he in unqualified to render some of his opinions, (2) his opinions are not based on a reliable methodology, (3) the opinions will not help the jury, and (4) the opinions have the potential to confuse or mislead the jury. Specifically, Plaintiff contends that Sala's methodology simply consists of using the facts of the case to "jump" to his conclusions, which are as follows:

> The perceptual and visual cues of the wet surface of the stairs were sufficient to have informed a reasonably alert and attentive pedestrian descending the incident stairs of the wet conditions and need to alter one's gait and/or utilize the handrail during descent.
>
> The handrails present at the incident stairway affords safe navigation; the dimensions and placement of the handrails do not prevent their safe usage. The handrails are functional and accommodates both grip and support that would be appropriate to provide stability and/or arrest oneself should a misstep occur during ascent or descent of the incident stairs.
>
> Intrinsic factors in the current instance, including medical and physiological factors, are identified in the scientific literature as contributory factors to accidental falls and can increase the risk of falling.
>
> Dr. Fore's criticism of the "slip resistance" or coefficient of friction for the landing at the bottom of the stairs and the placement of the "Watch Your Step" signage are irrelevant and unrelated to the causation of this incident.

---

qualifications. *See Jacoby v. Wal-Mart Stores, Inc.*, No. 3:09-CV-903, at *9 (M.D. Pa. June 10, 2010) [D.E. 74] (striking Dr. Sala as an expert because his conclusion would not help the trier of fact and because he had no specialized knowledge of automatic door maintenance); [D.E. 65-5]. Plaintiff concludes that the testimony proffered here suffers from the same shortcomings and should similarly be stricken.

4

Plaintiff leaves unchallenged the second opinion made by Dr. Sala, and so we will address each argument raised in Plaintiff's Motion concerning the first, third, and fourth conclusions.

### A. *Dr. Sala's First Opinion*

Plaintiff first contends that Dr. Sala did not apply a reliable methodology in reaching the conclusions found in the first opinion,[2] and instead simply used "undisputed facts from the plaintiff's deposition" and "jumped to his conclusion" in order to reach a favorable outcome for the cruise line. [D.E. 65, p. 5]. We disagree.

In determining the reliability of an expert's opinion, we must consider:

> (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.

*Quiet Tech. DC-8, Inc.*, 326 F.3d at 1341. This list of factors does not exhaust the different considerations that bear on the ultimate reliability of a proffered expert's opinion, *id.* (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999)), and "[a] federal court should consider any additional factors that may advance is Rule 702 analysis." *Id.* Indeed, whether the *Daubert* opinion factors "are even pertinent to assessing reliability in a given case will [depend] on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *United States v.*

---

[2] While the Motion challenges Dr. Sala's qualifications, it does not do so with regard to Dr. Sala's first and second opinions.

5

*Brown*, 415 F.3d 1257, 1267–68 (11th Cir. 2005) ("The decision in *Kumho Tire* elaborated on the flexible nature of the inquiry.").

This is not a hard science case that allows for a neat application of the *Daubert* factors. This opinion, in particular, involves the offering of non-scientific, experience-based testimony. Under these circumstances, other factors bearing on the proffered expert's testimony are far more relevant and useful, *Frazier*, 387 F.3d at 1262, and a district court enjoys flexibility in utilizing those factors to conduct the reliability analysis. *Brown*, 387 F.3d at 1262. As such, we must be satisfied that the witness has appropriately explained how his experience led to the opinion reached, why that experience provides a sufficient basis for the opinion, and how that experience is reliably applied to the facts. *See Ciera Investments, Inc. v. XL Specialty Ins. Co.*, 280 F.R.D. 653, 662 (S.D. Fla. 2012) (citing *Brown*, 415 F.3d at 1261).

After reviewing the report and the deposition of Dr. Sala, we are satisfied that Dr. Sala is sufficiently qualified and reliable to offer the opinion concerning what a "reasonably alert and attentive pedestrian" would have recognized in the situation. We also find that he properly explained how his experience supports his ultimate conclusion. [D.E. 65-2, p. 10–12]. In support of this opinion, Dr. Sala explained that he: (1) published numerous peer-reviewed articles relating to balance recovery and postural control on different surfaces; (2) worked on several projects related to his opinion; and (3) consulted several peer reviewed articles before conducting a full assessment of the facts presented by Plaintiff's incident. [D.E. 86-2, 65-2, p. 10–11]. This is sufficiently reliable under *Daubert* to allow this opinion to reach a jury, and

our decision in no way deprives Plaintiff of the opportunity to challenge any claimed "weaknesses" presented by that opinion at trial. *See Mclean v. 988011 Ontario Ltd.*, 224 F.3d 797, 801 (6th Cir. 2000) ("[M]ere weaknesses in the factual basis of an expert witness' opinion bear on the weight of the evidence rather than on its admissibility.") (internal quotation omitted); *Ostroski v. United States*, 2007 WL 9701868, at *2 (S.D Fla. Aug 23, 2007) ("Any claimed weaknesses in the factual basis for [an expert's] conclusion . . . goes at best to weight and credibility, and can certainly be explored on cross examination.").

Accordingly, Plaintiff's Motion is **DENIED** as to Dr. Sala's first opinion.

### B.     *Dr. Sala's Third Opinion*

Turning to Dr. Sala's third expert opinion, the expert concludes that "intrinsic factors" such as medical and physiological factors are identified in the scientific literature as contributory factors to accidental falls and can increase the risk of falling. Plaintiff asserts that because this opinion relates to the medical conditions faced by Plaintiff, Dr. Sala is not qualified to render an opinion in this field or interpret the literature because he is not a medical doctor, pharmacologist, or a toxicologist. [D.E. 65, p. 5–6]. Further, Plaintiff asserts that the methodology relied on by Dr. Sala was merely regurgitating the medical conditions Plaintiff experiences, followed by surmising that the literature associates those conditions with falls and near falls. *Id.* at 5. On both these points, we agree with Plaintiff.

As Dr. Sala explained in his deposition, there was no way for him to know if any specific condition or factor contributed to Plaintiff's fall. [D.E. 65-2, p. 17]. While

Dr. Sala does point to specific literature used in reaching his second opinion, no methodology was employed beyond a mere comparison of Plaintiff's medical history with factors the literature associates with certain types of falls. For example, Dr. Sala admitted that he had not assigned a relative "risk" to each factor with regard to its contribution to the fall at issue, nor did he know whether *any* specific factor was operative in causing the incident in question. *Id*. Dr. Sala cannot merely review Plaintiff's medical history and then compare the conditions she experiences with those associated with falls; he failed to expound on *how* he conducted this analysis (beyond a mere comparison), and so his third opinion must be excluded. *See Umana-Fowler v. NCL (Bahamas) Ltd.*, 49 F. Supp. 3d 1120, 1123 (S.D. Fla. 2014) (finding an expert's opinion inadmissible when the expert "used the information he reviewed . . . and 'conducted an analysis' of Plaintiff's accident, but [did] not elaborate as to how that analysis was conducted, how his experience informed that analysis, and what steps he took to verify the results of his analysis.").

Further, even if Dr. Sala had adopted an appropriate methodology, his opinion would still be inadmissible because he is not qualified to render an opinion on medical conditions: he is a human factors expert, not a medical doctor. We have found scant authority for the proposition that would allow Dr. Sala to render such a quasi-medical opinion, and as such, Plaintiff's Motion is **GRANTED** as to Dr. Sala's third conclusion.

### C. *Dr. Sala's Fourth Opinion*

Plaintiff also seeks to exclude Dr. Sala's fourth opinion, which consists of a rebuttal attack on the expert report of Mr. Fore, Plaintiff's retained engineer. Dr. Sala concludes that Mr. Fore's conclusion is irrelevant, yet Scaccetti contends that Dr. Sala is not qualified to render this particular opinion, and that he is instead merely offering a lawyer's final argument. In moving to exclude this particular opinion, Scaccetti also argues that the rebuttal of Mr. Fore's opinion on the subject would not be helpful to a jury. We disagree.

"[E]xpert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." *Frazier*, 387 F.3d at 1262–63 (citations omitted). And Plaintiff is correct that such an opinion must also offer "more than what lawyers for the parties can argue in closing arguments." *Id*. While "[a]n expert may testify as to his opinions on an ultimate issue of fact…he 'may not testify as to his opinion regarding ultimate legal conclusions.'" *Umana-Fowler*, 49 F. Supp. 3d at 1122 (quoting *United States v. Dealtorre*, 308 F. App'x 380, 383 (11th Cir. 2009)).

We find Dr. Sala's final opinion to be helpful – and not conclusory – because it, in effect, challenges the conclusions drawn by Plaintiff's own expert as to the location of Ms. Scaccetti's fall. As discussed in our Order on Defendant's Motion that sought to preclude Mr. Fore from testifying as to his opinion concerning the slip resistance of the subject landing, the argument raised here amounts to a factual dispute over where the actual incident took place. Defendant claims that the slip occurred on the staircase; Plaintiff argues she suffered various "slips" at several points on and at the

9

bottom of the stairs. The determination as to what really happened must be left to the jury, but Plaintiff's challenge here goes to weight, not admissibility. Just as we found that Dr. Fore may testify as to his measurements concerning the slip resistance on the landing, we find that Dr. Sala may offer his opinion as to why that should (or should not) be relevant to Plaintiff's incident, subject to Plaintiff's counsel's cross examination. *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662-663 (11th Cir. 1988) ("[W]eaknesses in the underpinnings of an expert's opinion go to its weight rather than its admissibility.").

As such, Dr. Sala's fourth opinion, which rebuts a particular conclusion reached by Plaintiff's expert, is admissible, and Plaintiff's Motion as to this opinion is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's *Daubert* motion to exclude Dr. Sala's testimony be **GRANTED in part** and **DENIED in part**.

**DONE AND ORDERED** in Chambers in Miami, Florida this 27th day of November, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge